IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE, TENNESSEE

| | |
|---|---|
| ACUITY MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID OVAL JEFFERS, )<br>DC&R CONSTRUCTION, INC. and, )<br>XYZ CORPORATION )<br>)<br>Defendants. ) | Civil Action No.: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes Plaintiff, Acuity Mutual Insurance Company (hereinafter"Acuity"), by and through counsel, and files suit against Defendants David Oval Jeffers, DC&R Construction, Inc. and XYZ Corporation pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and 28 U.S.C. § 2201, *et seq.* In support of the same, Acuity shows unto the Court as follows:

## PARTIES

1. Acuity Mutual Insurance Company is an insurance company founded under the laws of the State of Wisconsin with its principle place of business located in Sheboygan, Wisconsin. Acuity is authorized to do business in the State of Tennessee.

2. Defendant David Oval Jeffers ("Defendant" or "Mr. Jeffers") is a citizen and resident of Greene County, Tennessee. He may be served with process at 1775 Weems Chapel Road, Mosheim, Tennessee 37818.

3. Defendant DC&R Construction, Inc. is a for-profit corporation doing business in the State of Tennessee, and may be served with process through its Registered Agent, Rozella Brackins, 251 Cedarwood Drive, Sevierville, Tennessee 37876-2035.

4. XYZ Corporation is the insurance carrier maintaining and providing workers' compensation insurance for DC&R Construction, Inc. and the identify of XYZ Corporation is currently unknown to Acuity.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332(a)(1) and the amount in controversy exceeds $75,000. Acuity requests that this Court issue a declaration as to the rights, statuses and legal relationships between it and the defendants.

## FACTS

6. Acuity issued to Defendant David Oval Jeffers a Business Auto Policy, policy number X05922, with effective dates of November 22, 2012 to November 22, 2013 (hereinafter "the policy"). A certified copy of the policy is attached hereto as Exhibit A and incorporated herein.

7. Mr. Jeffers is the only named insured under the policy.

8. The policy issued to Mr. Jeffers is a Business Auto Policy and was to insure two vehicles, including a 2000 Sterling LT9500 dump truck ("dump truck") that was involved in an accident occurring on June 27, 2013.

9. On June 27, 2013, Mr. Jeffers was employed by DC&R Construction, Inc. (hereinafter "DC&R"). He reported for work that day as a part of his normal job duties and responsibilities as an employee of DC&R.

10. On June 27, 2013, Mr. Jeffers was driving the dump truck that he owned and that was insured under the policy issued by Acuity.

11. On June 27, 2013, after reporting for work as an employee of DC&R, Mr. Jeffers left the work site in his personally owned dump truck. The dump truck was loaded with stone/rock and was to be delivered to a site where DC&R had been working. Mr. Jeffers was to be paid for the delivery by DC&R.

12. On June 27, 2013, prior to completing the delivery of the stone/rock to its destination at the DC&R site, an accident occurred on Interstate 26 in Sullivan County, Kingsport, Tennessee in which Mr. Jeffers was driving the dump truck. He received significant injuries.

13. All the other parties involved in the accident, the driver, Daniel Adam Roberts, and owners of the vehicle, Bobbie Bevins and/or Greg Hill, were uninsured.

14. Mr. Jeffers filed suit against Daniel Adam Roberts, Bobbie Bevins and Greg Hill and Acuity (as the unnamed uninsured/underinsured motorist insurance carrier) in the Circuit Court of Sullivan County, Tennessee at Kingsport, Tennessee, Civil Action No. C40671(C).

15. In the underlying action, Mr. Jeffers claims to be entitled to uninsured/underinsured motorist coverage from Acuity.

16. The policy issued by Acuity provides for uninsured/underinsured motorist coverage to its named insured, David Oval Jeffers, as follows:

# TENNESSEE UNINSURED MOTORISTS COVERAGE

\*\*\*

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

A. Coverage

1. We will pay all sums the *insured* is legally entitled to recover as compensatory damages from the owner or driver of an *uninsured motor vehicle*. The damages must result from *bodily injury* sustained by the *insured* or *property damage* caused by an *accident*. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the *uninsured motor vehicle*.

2. With respect to damages resulting from an *accident* with a vehicle described in paragraph b of the definition of *uninsured motor vehicle*, we will pay under this coverage only if a or b below applies:

    a. The limit of any applicable liability bonds or policies have been exhausted by payments of judgments or settlements; or

    b. A tentative settlement has been made between an *insured* and the insurer of an owner or operator of a vehicle described in paragraph b of the definition of *uninsured motor vehicle* and we have been given written notice of such tentative settlement as described in paragraph E4b.

3. Any judgment for damages arising out of a *suit* brought without our written consent is not binding on us.

\*\*\*

17. The policy also contains the following exclusions and conditions:

    B. Exclusions

    This insurance does not apply to:

1. Any claim settled without our consent. However, this exclusion does not apply to a settlement made with the insurer of an owner or operator of a vehicle described in paragraph b of the definition of *uninsured motor vehicle* in accordance with the procedure described in paragraph A2b.
2. The direct or indirect benefit of any insurer or self-insurer **under any workers' compensation**, disability benefits or similar law.
3. The direct or indirect benefit of any insurer of property.

\*\*\*

(Emphasis added.)

18. The Acuity policy in this case includes the following provision:

   D. Limit of Insurance

   \*\*\*

   3. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage form, any Liability Coverage Form, and any Medical Payments Coverage Endorsement attached to this Coverage Part.

   We will not make a duplicate payment under this coverage for any element of *loss* for which payment has been made by or for anyone who is legally responsible.

   **We will not pay for any element of *loss* if a person is entitled to receive payment for the same element of *loss* under any workers' compensation law, disability benefits or similar law.**

   \*\*\*

(Emphasis added.)

19. Uninsured Motorist Policies are also governed by statute. Tenn. Code Ann. § 56-7-1205, "Limits of Uninsured Motorist Policies", which states as follows:

> Minimum policy limits not increased. – Nothing contained in this part shall be construed as requiring the forms of coverage provided pursuant to this part, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits described in § 55-12-107, or the uninsured motorist liability limits of the insured's policy if such limits are higher than the limits described in § 55-12-107. *Such forms of coverage may include such terms, exclusions, limitations, conditions and offsets, which are designed to avoid duplication of insurance and other benefits.*

(Emphasis added.)

20. Pursuant to the policy of insurance, including all coverages, definitions, conditions and exclusions, Acuity claims entitlement to a setoff or reduction of the UM benefits based on that fact that Defendant Jeffers was "entitled to receive payment for the same element of loss under [the] workers' compensation law...." Further, Acuity claims that workers' compensation coverage should have been extended to Mr. Jeffers by Defendant DC&R Construction, Inc., thus covering a portion of the damages and medical expenses to which Defendant Jeffers alleges that he is entitled.

21. Defendant XYZ Corporation maintains and provides workers' compensation insurance for DC&R on the date of Mr. Jeffers' accident and may have or claim to have interests which would be affected by this declaration.

22. There exists a justifiable controversy between and among the parties of such immediacy that this Court must declare the respective rights of the parties.

WHEREFORE, Acuity Mutual Insurance Company respectfully prays that this Court (a) declare the rights, statuses and legal relationships between it and the Defendants as established by the UM insurance policy issued to David Oval Jeffers and (b) grant whatever further relief it does deem equitable and just.

**ACUITY MUTUAL INSURANCE COMPANY**

By: *s/S. Morris Hadden*
S. Morris Hadden (BPR #000747)
*Counsel for ACUITY Mutual Insurance Company*
**HUNTER, SMITH & DAVIS, LLP**
1212 N. Eastman Road
P. O. Box 3740
Kingsport, TN 37664
(423) 378-8820; Fax: (423) 378-8801
mhadden@hsdlaw.com

By: *s/Teresa Mahan Lesnak*
Teresa Mahan Lesnak (BPR #13317)
*Counsel for ACUITY Mutual Insurance Company*
**HUNTER, SMITH & DAVIS, LLP**
1212 N. Eastman Road
P. O. Box 3740
Kingsport, TN 37664
(423) 378-8822; Fax: (423) 378-8801
tlesnak@hsdlaw.com